*Wood, «T.
In rendering judgment for the defendant, upon the above facts, did the Supreme Court err?
To determine this, it seems to us unnecessary to refer to the act of 1831, repealing that of 1824, and re-enacting, among others, the same provisions. Whether Collier was, or was not, the commissioner of insolvents, when the bond was executed, dejure, or even defacto, is now of no import. The judgment, in his favor, quoad this plaintiff, establishes that fact sufficiently. If he were not such commissioner, the plaintiff in error should have litigated that question in the suit on the bond. Instead of doing so, he suffered judgment to pass, and paid the money on the judgment. It went to pay the debts of his principal, and now he seeks to recover it again out of the pocket of the commissioner, who was, doubtless, innocently acting under the belief that he was, de jure, the commissioner, whether he was so, or not, in fact.
But that judgment on the bond still remains unreversed, and the payment of money on it, is a payment by him, and a receipt by the commissioner, of the money, under authority of that judgment. It is equivalent to the payment of money into court, and can not be recovered back.
Judgment affirmed.